**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM RAY LEDBETTER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 2:13-cv-00012** |
| **ETHAN BEAN and SHANNON HARVEY,** | ) | **Judge Sharp** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Plaintiff William Ray Ledbetter is an inmate at the Overton County Justice Center in Livingston, Tennessee. His *pro se* complaint (ECF No. 1) under 42 U.S.C. § 1983 is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I. Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted or is frivolous. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556)."[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2)

take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II. Factual Allegations**

The complaint names as defendants Corrections Officer Ethan Bean and Jail Administrator Shannon Harvey in both their official and individual capacity.

In his complaint, the plaintiff alleges that Officer Bean entered his cell on November 11, 2012 and, without provocation, grabbed the plaintiff's arm and twisted it, slammed the plaintiff in the eye causing him to bang his head on the floor, and put the plaintiff in a choke hold until the plaintiff passed out.

The plaintiff alleges that he wrote a grievance to Jail Administrator Shannon Harvey about this unprovoked exercise of violence, but never received a response.

The plaintiff also complains that he did not receive adequate medical treatment of the injuries received during the assault by Officer Bean. The plaintiff does not identify the jail doctor, but states that he was examined and that he underwent an x-ray of his head. He does not allege that he suffered any long-term consequences from the incident, but asserts that he has a titanium plate in his head from a prior surgery, and that the area where the plate is on his head has not felt the same since the incident. The plaintiff also states that the doctor "threatened to take [his] clothes and put [him] in a gown" for the remainder of the plaintiff's time at the jail if his claim against Officer Bean is false. The plaintiff is "worried" that if the x-ray might have shown something wrong with him, but that the doctor has not provided further treatment because of his anger over the plaintiff's complaint.

The plaintiff complains that during the 60 days following the assault, he was in a cell that did not have a working intercom system. He believes that if he had needed assistance because of his medical condition, he would not have been able to contact staff for help. He asserts that his being placed in a cell without an intercom, despite his medical condition, constituted negligence on the part of jail officials.

## III. Law and Analysis

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In *Hudson v. McMillian*, 503 U.S. 1, 4 (1992), the Supreme Court held that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [in violation of the Eighth Amendment] [even] when the inmate does not suffer serious injury." *See also Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (noting that pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment from the use of excessive force that amounts to punishment). The plaintiff here, whether he has been convicted of a crime or is a pretrial detained, clearly states an excessive-force claim under § 1983 against Officer Bean in his individual capacity, based on the allegations of the use of force for no reason that caused more than *de minimis* injury. That claim will be permitted to proceed.

The claim against Jail Administrator Harvey in his or her individual capacity, however, is based solely on Harvey's failure to respond to the plaintiff's grievance regarding the above-referenced incident. The law is clear that a prison official's failure to respond to a prisoner's grievance does not state a constitutional claim. *See e.g.*, *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."). The complaint therefore fails to state a claim against Harvey in his or her individual capacity. That claim is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.

The plaintiff also purports to sue both defendants in their official capacity. An official-capacity claim is equivalent to a claim against the entity that employs the defendants named in their official capacity, in this case, Overton County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose liability upon a government official for actions he takes under color of state

law, individuals sued in their official capacities stand in the shoes of the entity they represent." (internal alterations, quotation marks, and citations omitted)). However, an employer cannot be held responsible under 42 U.S.C. § 1983 for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Id.* at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001). In this case, the plaintiff does not identify any potential policy on the part of the county that might have contributed to his injuries, nor do the plaintiff's factual allegations imply the existence of any such policy. The Court therefore concludes that the plaintiff fails to state an official-capacity claim against either defendant.

Likewise, the complaint does not state a claim based on the deprivation of reasonably necessary medical care, or based on retaliation in violation of the First Amendment. As an initial matter, the plaintiff does not identify or name as a defendant the medical practitioner he believes may not have provided the medical attention he needed and who allegedly was angry at the plaintiff for filing a lawsuit. Regardless, the plaintiff's allegations are not sufficient to establish that the unnamed medical provider was deliberately indifferent to the plaintiff's serious medical needs, or that the plaintiff was actually subjected to some adverse action that would deter a person of ordinary firmness from engaging in conduct protected by the First Amendment. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Thus, to the extent the plaintiff is attempting to state claims against the unnamed medical provider for alleged violations of his rights under the Eighth and First Amendments, the attempt fails and the putative claims are subject to dismissal for failure to state a claim for which relief may be granted.

**IV. Conclusion**

The claim against the Corrections Officer Ethan Bean in his individual capacity based on the alleged use of excessive force in violation of the plaintiff's constitutional rights will be permitted to proceed. The official-capacity claim against that defendant and all other remaining claims in the

complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge